UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| HOLLIE LEIGH DAVIS, | ) |
| Claimant, | ) |
| vs. | ) Civil Action No. 4:18-CV-1205-CLS |
| NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Claimant, Hollie Davis, commenced this action on August 1, 2018, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner affirming the decision of the Administrative Law Judge denying her claim for supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant argues that the Commissioner's decision was neither supported by

substantial evidence nor in accordance with legal standards. Specifically, claimant asserts that the ALJ improperly considered the assessments of Dr. Angela Register and Dr. June Nichols, and failed to adequately consider claimant's obesity and the side effects of her medication. She also asserts that the Appeals Council failed to consider new evidence presented to it for the first time on appeal. Upon consideration of the record and the parties' briefs, the court finds merit in claimant's argument that the ALJ improperly considered Dr. Nichols' assessment.

Social Security regulations provide that, in considering what weight to give any medical opinion, the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 416.927(c). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

June Nichols, Psy.D., a clinical psychologist, assessed claimant on June 24, 2015. Claimant reported mood swings so severe that she sometimes wants to break things around her. She stated that when her depression is severe, she hates herself,

and she has to stop everything she is doing.

During the clinical examination, claimant's speech was clear and normal in rate. Her mood was normal and congruent with her thought processes, and her affect was appropriate. She reported difficulty sleeping, varying appetite, lack of energy, and crying episodes, but she denied suicidal or homicidal ideations. Her stream of consciousness was clear, and she was oriented to person, place, time, and situation. Dr. Nichols neglected to categorize the speed of claimant's overall mental processing,[1] but she did note that claimant could count down from 20 to 1 in 12 seconds, spell the word "world" backward, and perform simple addition and subtraction. However, she could not perform Serial Threes or Serial Sevens, or complete more complex arithmetic involving multiplication. Her recent and remote memory were grossly intact, and her immediate memory was fair. Her general fund of knowledge was adequate, and her thinking was concrete in nature. Her thought processes were slow, but there was no evidence of confusion, loose associations, tangentiality, flight of ideas, or thought blocking. Her thought content was positive for auditory and visual hallucinations, ideas of reference, occasional panic attacks, and racing thoughts, but negative for delusions, responses to internal psychotic processes, obsessions, and compulsions. Her judgment and insight were good, and

---

[1] *See* Tr. 506 ("Speed of mental processing was."[*sic*]).

she was estimated to be functioning within the low average range of intellectual disability, although Dr. Nichols apparently did not conduct formal intelligence testing.

Claimant reported that she lives with her mother, but mostly stays to herself and reads during the day. She does some dishes, but her mother does the other household tasks. She does not attend church, has no friends, and does not participate in any community activities or organizations.

Dr. Nichols assessed claimant with panic disorder with agoraphobia, bipolar disorder, and severe depression with psychotic symptoms. Her GAF score was 55, reflecting moderate symptoms. In conclusion, Dr. Nichols stated:

> Ms. Davis suffers symptoms of a panic disorder and demonstrates multiple symptoms of bipolar disorder. Her ability to relate interpersonally and withstand the pressures of everyday work is compromised due to the nature of her current symptoms. She does have deficits, which would interfere with her ability to remember, understand and carry out complex work related instructions. The anxiety and panic attacks would markedly interfere with concentration, persistence and pace. She is unable to handle her own funds, but can live independently with some support.

Tr. 505-07.

The ALJ summarized Dr. Nichols' findings,[2] but she did not explicitly state the weight she afforded those findings. Instead, while evaluating the consistency of

---

[2] Tr. 22-23.

claimant's subjective complaints of mental and emotional impairments with the objective evidence of record, the ALJ stated:

> While the claimant may continue to experience some depressive or anxious symptoms; [*sic*] they are not of the severity as to prevent all work. The undersigned notes that the degree of symptoms and limitations the claimant alleged at Dr. Nichols' consultative examination are wholly inconsistent with her past reports of symptoms, her diagnoses, her objective evaluations and the observations made by her treating and examining sources. Indeed, the claimant's mental status examinations in both hospital and office settings have been repeatedly normal with no evidence of significant depressive or other mental symptoms.

Tr. 25.

The Eleventh Circuit has held that "'[t]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor.'" *McClurkin v. Social Security Administration*, 625 F. App'x 960, 962 (11th Cir. 2015) (quoting *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1179 (11th Cir. 2011)) (alteration supplied). That is because, "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *McClurkin*, 625 F. App'x at 962 (quoting *Winschel*, 631 F.3d at 1179) (alteration supplied). "'Therefore, when the ALJ fails to state with at least some measure of clarity the grounds for his decision, we will decline to affirm simply because some rationale

5

might have supported the ALJ's conclusion.'" *McClurkin*, 625 F. App'x at 962 (quoting *Winschel*, 631 F.3d at 1179).

The Commissioner argues that the ALJ's failure to clearly state the weight she afforded Dr. Nichols' assessment should be excused because "it is clear from her discussion that she gave Dr. Nichols' opinion little weight because it was inconsistent with the evidence that the ALJ identified."[3] This court disagrees. The ALJ's discussion of Dr. Nichols' assessment centers upon claimant's reports of symptoms and limitations to Dr. Nichols, and the consistency of those reports with claimant's past reports of symptoms and the other medical evidence. The ALJ did not comment on Dr. Nichols' *conclusions* about claimant's reported symptoms or the resulting limitations. Thus, while this court could speculate, as the Commissioner would have it do, that the ALJ did not afford Dr. Nichols' assessment *full* weight, such speculation would be inappropriate in light of the Eleventh Circuit's decision in *McClurkin*. Moreover, even if it was appropriate to speculate that the ALJ did not afford Dr. Nichols' assessment full weight, there is no way of knowing whether she afforded the assessment some weight, little weight, or no weight at all.

Accordingly, the ALJ erred in failing to state the weight she afforded to Dr. Nichols' assessment, and this court is unable to review the ALJ's decision. Remand

---

[3] Doc. no. 14 (Commissioner's Brief), at 13.

is warranted for the ALJ to correct that deficiency, and to conduct any other appropriate proceedings.

An appropriate order will be entered contemporaneously herewith.

DONE this 17th day of May, 2019.

_____
United States District Judge